IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JENNIFER DIXON v. ABILITY RECOVERY SERVICES, LLC | CIVIL ACTION NO. 18-4641 |
|---|---|

**MEMORANDUM RE DISCOVERY IN AID OF JUDGMENT EXECUTION**

**Baylson, J.**                                                                                           **August 2, 2021**

**I.    Introduction**

Plaintiff Jennifer Dixon brought this action against Defendant Ability Recovery Services, LLC and John Does 1-25 for violations of the Fair Debt Collection Practices Act.  On October 31, 2019, a default judgment was entered in favor of Plaintiff in the amount of $5,890.25, together with post judgment interest until satisfied.  A writ of execution as to Ability Recovery Services was issued on January 21, 2020.  On July 2, 2021, Plaintiff filed this Motion for Discovery in Aid of Judgment Execution, pursuant to Rule 69.  The Court will grant Plaintiff's Motion.

**II.   Discussion**

Plaintiff represents to the Court that the entire amount of the judgment is unpaid and requests that the Court enter an order requiring Michael Confitti, President of Ability Recovery Services, or an alternate officer to complete an attached list of questions.

Rule 69 states, in relevant part, that "[i]n aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69.  "Rule 69 was intended to provide the post-judgment creditor with an efficient means of uncovering the existence of assets upon which he

may levy to satisfy the judgment. Courts have consistently held that the scope of post-judgment discovery is broad, enabling the post-judgment creditor to seek discovery not only of the debtor's current assets, but also of past financial transactions which could lead to the existence of fraudulently concealed or fraudulently conveyed assets." Dering v. Pitassi, No. 88-2278, 1988 WL 115806 at *1 (E.D. Pa. Oct. 27, 1988) (Ditter, J.). "The Pennsylvania Rules of Civil Procedure specify the relevant procedures for execution on a civil judgment.  As relevant here, '[t]he Pennsylvania rules provide that after a writ of execution is issued, the judgment holder may serve interrogatories on the garnishee respecting property possessed by him but owned by the judgment debtor.'" Paddick v. Butt, No. 13-374, 2018 WL 4899410 at *2 (E.D. Pa. Oct. 9, 2018) (Strawbridge, Mag. J.) (quoting Feliciano v. Reliant Tooling Co., Ltd., 691 F.2d 653, 655 (3d Cir. 1982)).

### III.     Conclusion

The Court will grant this Motion for Discovery in Aid of Judgment Execution because the list of questions to which Plaintiff seeks answers is properly aimed at determining Ability Recovery Services' assets.   An appropriate Order follows.

O:\CIVIL 18\18-4641 Dixon v Ability Recovery\18cv4641 Memo Re Discovery Motion.docx